UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SHARON ELIZABETH AVERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:04-CV-312 |
| ) | (Jordan/Guyton) |
| IDLEAIRE TECHNOLOGIES ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment. [Doc. 40].

The defendant moves to amend its answer to assert a defense under the Communications Decency Act of 1996, 47 U.S.C. § 230. [Doc. 48]. The plaintiff opposes the defendant's motion, arguing that such an amendment would be futile, as the statute cited by the defendant is inapplicable to this case. [Doc. 50]. The Court conducted a hearing on this motion on December 9, 2005.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment,

etc.--the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962).

Upon review of the parties' respective motions and the record as a whole, the Court cannot say that the proposed amendment would be futile. Accordingly, for good cause shown, the Defendant's Motion to Amend Answer [Doc. 48] is **GRANTED.**

**IT IS SO ORDERED.**

**ENTER:**

s/ H. Bruce Guyton
United States Magistrate Judge